E-FILED
Thursday, 28 June, 2018  03:45:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KRISTEN ELHARD, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO.   1:18-cv-01239 <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KRISTEN ELHARD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Peoria, Illinois, which lies within the Central District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2018, Plaintiff began receiving calls to her cellular phone, (309) XXX-6099, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone number ending in -6099.

11. Defendant has used several different phone numbers when placing phone calls to Plaintiff's cellular phones, including but not limited to: (779) 666-1006, (779) 970-3863, and (779) 666-1036.

12. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

13. Plaintiff has never had any business relationship with Defendant, nor has Plaintiff ever given Defendant permission to call her cellular Phone, so Plaintiff was confused as to why Defendant was contacting her.

14. Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

15. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon an outstanding debt ("subject debt") said to be owed by an individual named "David."

16. Plaintiff informed Defendant that it was contacting the wrong person, as the cellular phone number ending in -6099 has been assigned to Plaintiff for over one year.

17. Defendant's representative informed Plaintiff that her phone number would be removed from Defendant's system.

18. Despite this information and Defendant's assurances, Defendant continued to place systematic phone calls to Plaintiff's cellular phone.

19. Again, Plaintiff answered Defendant's phone call and reiterated that Defendant was contacting the wrong individual, and demanded that Defendant stop calling her.

20. Notwithstanding Plaintiff's demands and the information provided to Defendant, Defendant has continued to call Plaintiff's cellular phones up until the filing of the instant action.

21. Plaintiff has received not less than 60 phone calls from Defendant since informing it that it was contacting the wrong party and after demanding that it stop calling her cellular phone.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different party, emotional distress, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1994.[2]

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692b & c(b)**

30. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or

---

[2] http://www.acainternational.org/search#memberdirectory

unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

31. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by an unknown individual. Plaintiff explicitly notified Defendant that she was not the individual it was looking for and to stop calling. Defendant had more than enough information to know that the number it was calling did not belong to the underlying debtor, especially since Plaintiff had reiterated her demands during subsequent phone calls. Armed with this information, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

    b. **Violations of FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 60 times after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite

5

of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. Plaintiff even repeated this information during subsequent phone calls. As such, Defendant knew that its conduct was inconvenient and harassing to her, but yet, it persisted with the unlawful activity.

### c. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 60 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though she was not responsible for the debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when, not only did it not have consent in the first place, but was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 60 times asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with David, an unknown individual. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As pled in paragraphs 21 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KRISTEN ELHARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 28, 2018                                              Respectfully submitted,

                                                                  s/ Nathan C. Volheim
                                                                  Nathan C. Volheim, Esq. #6302103
                                                                  Counsel for Plaintiff
                                                                  Admitted in the Central District of Illinois
                                                                  Sulaiman Law Group, Ltd.
                                                                  2500 South Highland Ave., Suite 200
                                                                  Lombard, Illinois 60148
                                                                  (630) 568-3056 (phone)
                                                                  (630) 575-8188 (fax)